
Margaret WHITEHEAD and Charles Ford, Appellants,

v.

James Edward WEIR, James J. Weir, Donna Lee Weir and State Farm Mutual Insurance Company, Respondents.

No. WD 47411.

Missouri Court of Appeals,
Western District.

Oct. 5, 1993.

Patrick Burwell Starke, Blue Springs, Harold A. Walther, Columbia, for appellants.

William A. Atkinson, Columbia, for respondents.

Before SPINDEN, P.J., and FENNER and HANNA, JJ.

SPINDEN, Presiding Judge.

On June 19, 1991, a jeep driven by James Edward Weir collided with Brian W. Ford's motorcycle and killed Ford. State Farm Mutual Insurance Company insured Ford's motorcycle. Ford's parents, Margaret Whitehead and Charles Ford, sued State Farm under the uninsured motor vehicle provision in the policy. The trial court granted summary judgment in favor of State Farm, and Whitehead and Ford appeal. We reverse.

James Edward Weir's parents purchased the jeep for their son in 1987. Weir's parents, as the jeep's owners, obtained liability insurance on the vehicle in their son's name through Leader National Insurance Company, and they paid the premiums. The policy covered bodily injury up to $25,000 for each person and $50,000 for each accident for persons injured by James Edward Weir's use of the jeep.

Whitehead and Ford sued James Edward Weir for his negligence in causing the accident, and they sued Weir's parents for their negligent entrustment of the jeep to their son. They also sued Brian Ford's insurer, State Farm, on the ground that the Weirs' negligent ownership and entrustment of the jeep was uninsured, so they should be allowed to recover under the uninsured motor vehicle clause of the State Farm policy.

State Farm filed a motion for summary judgment with the trial court claiming that the Leader National insurance precluded application of the uninsured motor vehicle provision of State Farm's policy. The trial court granted State Farm's motion on December 21, 1992, and designated its order as final for purposes of appeal on January 25, 1992.

Whitehead and Ford contend that the trial court erred in granting summary judgment for State Farm because Weir's parents, as the jeep's owners, failed to carry liability coverage as required by § 303.025.[1] That statute provides:

1. No owner of a motor vehicle registered in this state shall operate the vehicle, or authorize any other person to operate the vehicle, unless the owner maintains the financial responsibility as required in this section. Furthermore, no person shall operate a motor vehicle owned by another with the knowledge that the owner has not maintained financial responsibility unless such person has financial responsibility which covers his operation of the other's vehicle.

2. A motor vehicle owner shall maintain his financial responsibility in a manner provided for in section 303.160, or with a motor vehicle liability policy which conforms to the requirements of the laws of this state.

Whitehead and Ford assert that the Leader National policy did not cover an owner's negligent ownership, so "no one carried insurance to insure the owner's negligent ownership contrary to Section 303.025, making the owner's negligence uninsured." We disagree.

Section 303.025.1 requires an owner to maintain "the financial responsibility" as required by law. An owner may maintain financial responsibility by a certificate of insurance, a bond, a certificate of deposit, a certificate of self-insurance, or a motor vehicle liability policy. Sections 303.160 and 303.025. Section 303.190 defines a "motor vehicle liability policy" as "an owner's or an operator's policy of liability insurance[.]" Weir's parents maintained financial responsibility on the jeep through the Leader National policy for their son's use of the jeep. They met the requirements of the motor vehicle financial responsibility law.

Whitehead and Ford contend, in the alternative, that the trial court erred in granting State Farm's summary judgment

motion because State Farm's policy insures against uninsured owners or drivers and provides coverage if either ownership or use is uninsured. We agree.

The policy provides:

We will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle. The bodily injury must be caused by an accident arising out of the operation, maintenance or use of an uninsured motor vehicle.

Uninsured Motor Vehicle means:

1. a land motor vehicle, the ownership, maintenance or use of which is:

a. not insured or bonded for bodily injury liability at the time of the accident[.] [2]

Weir's vehicle was insured, but only for bodily injury arising out of Weir's use. Weir's parents owned the car, and their ownership was not insured for bodily injury arising out of that ownership.

Whitehead and Ford sued for injuries arising out of the Weirs' negligent entrustment of the jeep to their son. This court's Eastern District described a negligent entrustment action:

The general rule is that an owner of an automobile is under a duty not to place the automobile in the hands of a person whom he knows, or in the exercise of reasonable diligence could have known, to be an incompetent, careless, reckless, or inexperienced driver. Any violation of this duty is negligence, which becomes actionable when the borrower, through negligent operation of said car, injures another. The injury in such a case is said to be the proximate result of the combined negligence of the owner and driver, making said parties joint tort-feasors.

*Lix v. Gastian,* 261 S.W.2d 497, 500 (Mo.App. 1953). The Leader National policy did not cover such a claim.

Section 303.025.1 did not require Weir's parents to insure their ownership of the car

---

1. All references to statutes refer to the Missouri Revised Statutes of 1986.

2. We omitted the emphasis.

from a negligent entrustment claim. Their failure to do so, however, placed Whitehead's and Ford's claim for negligent entrustment within the State Farm policy's uninsured motor vehicle provision. State Farm was not required by law to provide such broad uninsured motorist protection, but it assumed that duty through its contract with Brian Ford.

We reverse the summary judgment and remand for trial of Whitehead's and Ford's claim of coverage under the State Farm policy for their negligent entrustment action against Weir's parents.

All concur.